IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAKEIYA WRIGHT | : | CIVIL ACTION |
| | : | NO. 12-2707 |
| v. | : | |
| | : | |
| TERRY CACCIUTTI, JOHN CACCIUTTI, | : | |
| PLAZA PROPERTIES CORP., WARREN | : | |
| TODER AND PAT TODER | : | |
| | : | |

O'NEILL, J.                                                                                         July 24, 2012

### MEMORANDUM

Plaintiff has filed her amended complaint seeking damages based on negligence and breach of contract claims. Defendants Terry Cacciutti and John Cacciutti have filed a motion to transfer to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Also before me are plaintiff's response to the motion and defendants' reply. For the reasons that follow, I will grant defendants' motion to transfer.

### BACKGROUND

Plaintiff, a New Jersey resident, Am. Compl. ¶ 1, rented a ski chalet at a property in Lackawaxen, Pennsylvania from January 27, 2011 to January 30, 2011. Am. Compl. ¶ 9. While at the property, plaintiff slipped on snow and ice and was injured. Am. Compl. ¶ 10. The property is owned by defendants John and Terry Cacciutti, Am. Compl. ¶ 2, managed by defendant Plaza Properties Corporation, Am. Compl. ¶ 4, and maintained by defendants Warren and Pat Toder. Am. Compl. ¶ 6. Plaintiff brings two claims against defendants based on this incident. First, plaintiff alleges that defendants were negligent in failing to properly remove ice and snow from the driveway. Am. Compl. ¶ 16. Second, plaintiff alleges that defendants

breached their contract, which included a clause regarding snow removal, by failing to remove the snow and ice. Am. Compl. ¶ 32.

Plaintiff filed her complaint in the Eastern District of Pennsylvania, alleging that jurisdiction was proper under 28 U.S.C. § 1332(a) based on diversity of citizenship. Am. Compl. ¶ 7. Further, plaintiff averred that venue was proper under 28 U.S.C. § 1391 because defendants John and Terry Cacciutti are residents of the Eastern District and the lease agreement was prepared in this District. Am. Compl. ¶ 8.

## STANDARD OF REVIEW

The Cacciutti defendants have moved to transfer to the United States District Court for the Middle District of Pennsylvania. Twenty-eight U.S.C. § 1404(a) authorizes the district court to transfer an action to "any other district or division where it might have been brought" if such transfer is "[f]or the convenience of parties and witnesses [and] in the interest of justice." The burden of establishing the need for transfer rests with the movant. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995). The statute is intended to give district courts discretion in granting motions to transfer on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

Before granting a motion to transfer, the court must undertake a balancing test in deciding whether "the interests of justice would be better served by a transfer to a different forum." See Jumara, 55 F.3d at 879. The Court of Appeals' decision in Jumara identified public and private interests that courts should consider when deciding motions to transfer. Id. at 879. Private interests include:

> plaintiff's forum preference as manifested in the original choice;

> the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (internal citations omitted). Public interests include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80.

The parties do not dispute the following factors: (1) the convenience of the parties, (2) the enforceability of the judgment, (3) practical considerations that could make litigation easier, more expeditious or less expensive, (4) the administrative difficulty in either fora resulting from court congestion, (5) the public policies of the fora and (6) the familiarity of the trial judge with the applicable state law. Thus, I will consider the following remaining factors: (1) plaintiff's preference, (2) defendants' preference, (3) the location where the cause of action arose, (4) the convenience of the witnesses, (5) the location of books and records and (6) local interest.

## DISCUSSION

### I.  Venue Is Proper in the Middle District of Pennsylvania

In deciding this motion to transfer, I must first assess whether this case could have been brought in the Middle District of Pennsylvania. 28 U.S.C. § 1404(a). Twenty-eight U.S.C. § 1391(b)(1) provides that a plaintiff can bring a civil action in "a judicial district in which any

3

defendant resides, if all defendants are residents of the State in which the district is located . . . ." Since all defendants are Pennsylvania residents, Am. Compl. ¶¶ 2-3, 5, and defendants Warren Toder and Pat Toder are residents of the Middle District, Am. Compl. ¶ 5, this case could have been brought in the Middle District.

## II.   Venue Should Be Transferred to the Middle District of Pennsylvania

### A.   Private Interest Factors

#### 1.   Plaintiff's Forum Preference

The first private factor to be considered is the plaintiff's choice of forum. The plaintiff's choice of venue is ordinarily "a paramount consideration in any determination of a transfer request." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). However, courts give diminished weight to the plaintiff's choice when she is not a resident of the forum. Hamilton v. Nochimson, No. 09-CV-2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009).

Plaintiff relies on the "any determination" language in Shutte to argue that a plaintiff's choice of forum "is a paramount consideration of any determination of a transfer request, not only transfer requests where the plaintiff resides in the chosen District." Dkt. No. 12 at ECF p. 5. Yet plaintiff cites to no case where a non-resident plaintiff's choice was given "paramount consideration." On the contrary, many opinions from this Court have given diminished weight to the plaintiff's preference when the plaintiff is not a resident of the forum. See Hamilton, 2009 WL 2195138, at *3; Fellner ex. rel. Estate of Fellner v. Phila. Toboggan Coasters, Inc., No. 05-2052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005); Lamusta v. Lawnson Mardon Wheaton, Inc., No. 99-3931, 2000 WL 274013, at *2 (E.D. Pa. Mar. 13, 2000); Lynn v. Consol. Rail Corp., No. 94-408, 1994 WL 185032, at *2 (E.D. Pa. May 13, 1994). I will follow the weight of

authority.

Here, plaintiff is a resident of New Jersey, not Pennsylvania. Since plaintiff is not a resident of this District, her preference will not be the paramount consideration.

### 2. Defendants' Forum Preference

Second, I will consider defendants' choice of forum. I recognize that "[d]efendant's preference is entitled to considerably less weight than [p]laintiff's, as the purpose of a venue transfer is not to shift the inconvenience from one party to another." EVCO Tech. & Dev. Co., LLC. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005). The Cacciutti defendants prefer that this case be transferred to the Middle District, where defendants Warren and John Toder and Plaza Properties reside and the property at which plaintiff fell is located. Dkt. No. 7 at ECF p. 4. Defendants Warren and John Toder and Plaza Properties have not expressed an opinion regarding their venue preference. Nevertheless, the Cacciutti defendants' preference weighs in favor of transfer.

### 3. Location Where Cause of Action Arose

The third factor to be addressed is the location where the plaintiff's cause of action arose. "When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." Hamilton, 2009 WL 2195138, at *4. Plaintiff's cause of action arose in the Middle District of Pennsylvania, since the property at which she claims she was injured is located in Lackawaxen, Pennsylvania. Am. Compl. ¶ 9. Plaintiff asserts that "the lease agreement entered into was prepared in and distributed from" the Eastern District. Am. Compl. ¶ 8. However, the plaintiff's cause of action arose when she fell in the Middle District and not when the contract was drafted in the Eastern District. Thus, the location where the cause

of action arose weighs heavily in favor of transfer.

### 4. Convenience of Witnesses

The Jumara court explained that the convenience of the witnesses is considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora . . . ." Jumara, 55 F.3d at 879. Although defendants Terry and John Cacciutti assert that the Middle District would provide easier access to "potential lay witnesses," Dkt. No. 7 at ECF p. 17, neither party avers that witnesses will be unavailable in one of the fora. Thus, this factor does not favor either party's position.

### 5. Location of Books and Records

Similarly, the location of books and records is relevant only to the extent that the books and records could not be produced one of the fora. Jumara, 55 F.3d at 879. Defendants Cacciutti contend that records from immediate medical treatment would be located in the Middle District, yet they do not argue that those records could not be transported to this district. Dkt. No. 7 at ECF p. 5. There is no indication that transfer to the Middle District would have any impact on either party's ability to produce the relevant records. Therefore, this factor does not favor either party.

### B. Public Interest Factors

The only public factor that either party has argued in this case is local interest. Defendants Cacciutti aver that because the property at which plaintiff fell was in the Middle District, "[t]he Middle District clearly has an interest in the management of property located within its jurisdiction, and the resolution of controversies which arise out of events which occur

within its forum." Dkt. No. 7 at ECF p. 5.

The local interest factor favors transfer, as there is a "local interest in deciding local controversies at home." Barbera v. Lowe's Home Ctrs., Inc., No. 09-1617, 2009 WL 1362608, at *3 (E.D. Pa. May 15, 2009). Because the cause of action arose at the property in the Middle District, the citizens of the Middle District have a stronger interest in this case than the citizens of the Eastern District. See In re Consol. Parlodel Litig., 22 F. Supp. 2d 320, 327 (D.N.J. 1998) (stating that the residents of the district in which the central events occurred had a greater interest in the resolution of the case). Importantly, "[w]hen an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale." In re E. Dist. Repetitive Stress Injury Litig., 850 F. Supp. 188, 195 (E.D.N.Y. 1994). Thus, the local interest weighs in favor of transfer.

## III. Conclusion

In sum, the transfer of this case to the Middle District of Pennsylvania will promote the interests of justice. I will therefore transfer this action to the Middle District.

An appropriate Order follows.